UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERMAN SHULTS,

      Petitioner,

v.

                                Case No. 3:26-cv-1618-MMH-LLL

WARDEN, BAKER CORRECTIONAL
INSTITUTE, et al.,

      Respondents.

_____

## **ORDER**

Petitioner German Shults, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1) on June 22, 2026. Shults, a citizen of Russia, was paroled into the United States on February 13, 2023. Doc. 6-2 at 2. On May 30, 2026, United States Immigration and Customs Enforcement (ICE) detained Shults. Id. The crux of Shults's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. 1 at 10–11. As relief, he seeks, inter alia, immediate release. Id. at 15.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det.

Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Shults, who is detained at or near the border, paroled into the United States, and is re-detained over a year later, its reasoning also applies to this case. Shults was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1.     Shults's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Shults an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Shults, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

---

[1] Because the Court finds that Shults is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2.      Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED**. <u>See,</u> <u>e.g.</u>, <u>Fonseca v. Ripa</u>, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3.      The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of August, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 8/6
c:
Counsel of Record